IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **MELINDA** and **GARY KOCKLER**, <br><br> Plaintiffs, <br> v. <br><br> **COSTCO WHOLESALE CORPORATION**, and **DOES I-V**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 1:19-CV-00023-JNP <br><br> District Judge Jill N. Parrish <br> Magistrate Judge Jared C. Bennett |

In 2014, Janice Alberts struck a pedestrian, Melinda Kockler, while driving outside of the main entrance to the Costco store located at 3656 Wall Avenue in Ogden, Utah. ECF No. 2-2, ¶ 7. The accident caused Ms. Kockler to suffer significant injuries and to incur economic losses in excess of $250,000. *Id.* ¶ 10. Ms. Kockler and her former husband, Gary Kockler ("Plaintiffs"), sued Costco Wholesale Corporation ("Costco") and Does I-V (individuals or entities unknown to Plaintiffs) (collectively, "Defendants") in Utah state court, seeking to recover for Ms. Kockler's injuries, which were allegedly caused by the Defendants' negligence in designing, constructing, and maintaining Costco's parking lot. *Id.* Costco promptly removed the action to this court. ECF No. 2. Costco's present motion seeks summary judgment on the bases that the Plaintiffs cannot establish the breach and causation elements of their negligence claim. ECF No. 49, at 2.

**SUMMARY JUDGMENT STANDARD**

The court grants summary judgment when the movant proves both "that there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Costco bears the burden of supporting its assertion that there is no genuine dispute as to any material fact with citations to "particular parts of materials in the record" and showing that the

Plaintiffs' cited materials "do not establish the . . . presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1).

"[S]ummary judgment will not lie if [a] dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. In short, summary judgment should be denied if the parties' dispute a material fact in a manner that presents a genuine issue for trial. *See id.* at 248-49 (citing *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

## ANALYSIS

Costco asserts that it is entitled to summary judgment for two reasons. First, Costco claims that it did not breach its duty of care because its parking lot was designed and maintained in compliance with local ordinances and state law. Second, Costco insists that the Plaintiffs cannot meet their burden to prove the causation element of their negligence claim because the accident was caused by the negligence or Ms. Alberts rather than that of Costco. The court does not find Costco to be entitled to summary judgment on either basis. As a result, Costco's motion is denied.

### I. BREACH

Costco claims that it is entitled to summary judgment because its compliance with local, state, and Federal law in designing and maintaining its parking lot belies any finding that Costco breached its duty of care with regard to the Plaintiffs' injury. *See* ECF No. 49, at 16 ("There is no provision in the South Ogden City code, or any other local, state, or Federal law that mandates the use of bollards, obstacles, or barriers suggested by the Plaintiffs."). Plaintiffs, however, insist that

2

they have produced sufficient evidence from which a jury could find that Costco breached its duty such that summary judgment must be denied. Based on the parties' briefs and their related evidence, the court agrees with Plaintiffs.

The parties agree that Costco owes a duty to keep its business "in a reasonably safe condition for [its] patrons." *Jex v. JRA, Inc.*, 2008 UT 67, ¶ 25, 196 P.3d 576. The scope of that duty, the parties further agree, is governed by the factors established in *English v. Kienke*, which provides as follows:

> A possessor of land is subject to liability for physical harm caused to his
> invitees by a condition on the land if, but only if, he:
> (a) knows or by the exercise of reasonable care would discover the condition, and
>     should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to
>     protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against danger.

*English v. Kienke*, 848 P.2d 153, 156 (Utah 1993). Because the *English* test is conjunctive, Costco would be entitled to summary judgment if it disproved any element of the test as a matter of law. But the court finds that it has not done so and denies Costco's motion to the extent that it challenges Plaintiffs' evidence establishing the breach element of its negligence claim.

### A. COSTCO'S KNOWLEDGE OF AN UNREASONABLE RISK OF HARM TO INVITEES

The first *English* factor requires a negligence plaintiff to establish that a defendant who is a possessor of land "knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees[.]" *English*, 848 P.2d at 156. Costco argues that its hiring of appropriate design professionals to create its parking lot and the lack of evidence showing that "other big box Utah businesses . . . block off the front roadway in front of their stores" disproves this element of Plaintiffs' case as a matter of law.

No authority supports Costco's claim that hiring appropriate design professionals alone

3

satisfied its duty under the first *English* factor. Plaintiffs also cite authority establishing that a defendant "is not allowed to eliminate its duty to discover dangerous conditions on its property simply because it initially relied on others to build its business or parking lot." ECF No. 53, at 23 (citing *Price v. Smith's Food & Drug Centers, Inc.*, 2011 UT App 66, ¶ 26, 252 P.3d 365, 367). Costco's second argument, moreover, appears irrelevant to the matter at hand. Plaintiffs' claim against Costco does not turn on whether or not "other big box Utah businesses . . . block off the front roadway in front of their stores" because that is not the action by Costco that Plaintiffs contend caused the injury. Plaintiffs do not argue that Costco was negligent because it failed to block off the roadway in front of its store, but because it allegedly failed to implement effective safety elements in the design and maintenance of its parking lot, including by establishing mechanisms to warn customers of potential dangers. ECF No. 2-2, ¶ 9. Thus, the court concludes that Costco has not shown Plaintiffs' negligence claim fails as a matter of law on the first element of the *English* test.

### B. COSTCO'S EXPECTATION REGARDING INVITEES' DISCOVERY OR REALIZATION OF THE DANGER

The second *English* factor requires a negligence plaintiff to establish that a defendant who is a possessor of land "should expect that they will not discover or realize the danger, or will fail to protect themselves against it[.]" *English*, 848 P.2d at 156. Costco has not met its burden as the movant to show that Plaintiffs cannot establish this element. Instead, Costco's motion confuses the standard, discussing what Ms. Alberts could reasonably foresee despite the test's focus on the plaintiff's expectation or realization of a possible danger. Costco also claims that "Plaintiff has failed to prove how Costco should have expected that Plaintiff would be oblivious to this visible and marked display and would trip over it." ECF No. 49, at 18. But this case involves neither a "visible and marked display" nor an accident in which the plaintiff was injured by tripping and

4

falling over an obstacle. Costco's motion thus fails to address the facts before the court and cannot be said to have established that Plaintiffs' claim fails on the *English* test's second factor.

### C. COSTCO'S FAILURE TO EXERCISE REASONABLE CARE TO PROTECT INVITEES

The third *English* factor requires a negligence plaintiff to establish that a defendant who is a possessor of land "fail[ed] to exercise reasonable care to protect them against danger." *English*, 848 P.2d at 156. Costco argues that Plaintiffs cannot demonstrate this element of their negligence claim because "Plaintiff is unable to identify anything on Costco's part that went against Utah and federal code and regulations."[1] ECF No. 49, at 18. Under Utah law, *violation* of a statute is evidence of negligence *per se*. *See Child v. Gonda*, 972 P.2d 425, 432 (Utah 1998); *see also Thompson v. Ford Motor Co.*, 16 Utah 2d 30, 33, 395 P.2d 62 ("[V]iolation of a standard of safety set by statute or ordinance is to be regarded as prima facie evidence of negligence[.]"). Costco's argument amounts to the claim that the inverse is true, such that *compliance* with local regulations or state or Federal statutes is *per se* evidence of a lack of negligence. Costco failed to establish that this legal proposition is established in Utah law—and it is not. *See, e.g., Wardell v. Jerman*, 18 Utah 2d 359, 362, 423 P.2d 485 (holding that "[o]ther factors must be considered" in determining negligence notwithstanding evidence of a driver's compliance with driving regulations). Moreover, Costco's proposed rule would make the parties' expert reports irrelevant to the parties' dispute. The court believes that, to the contrary, the expert reports and depositions produced in this litigation are among the "other factors" that must be considered in determining Costco's alleged negligence. *See, e.g.,* ECF Nos. 49-1, at 8; ECF No. 53, at 31-36; 49-11, at 3. The court thus concludes that Costco failed to prove that Plaintiffs could not establish the third factor of the

---

[1] Costco's motion also argues that Costco could not foresee Plaintiffs' injury in part due to Ms. Alberts' contributory negligence. ECF No. 49, at 18. The court does not address these facts in this section because it finds them relevant to the causation element of Plaintiffs' negligence claim rather than the breach element of that claim.

5

*English* test for breach of a duty of care. As a result, the court denies Costco's motion to the extent that it argues Plaintiffs' negligence claim fails with respect to the breach element of that claim.

## II.     CAUSATION

Costco's second argument in support of its summary judgment motion is that Costco did not cause the injury underlying Plaintiffs' negligence claim as a matter of law.

Summary judgment is not the appropriate stage at which to "resolve the conflict between . . . competing theories of causation" because "that decision [i]s for the jury." *O'Donnell v. Elgin, J. & E. R. Co.*, 338 U.S. 384, 386 (1949). Costco's summary judgment motion must therefore be denied because there exists a triable issue as to whether Costco's alleged negligence was a contributing but-for cause of the accident in which Ms. Kockler was injured. Causation is a material issue in this case because it is an "essential element of the [negligence] claim." *Majors v. Owens*, 365 P.3d 165, 172 (Utah Ct. App. 2015) (citing *Fox v. Brigham young Univ.*, 176 P.3d 446 (Utah Ct. App. 2007)). And there exists a genuine dispute as to whether Ms. Kockler would have been injured but for Costco's alleged negligence.

Costco argues that the Plaintiffs "cannot establish the causation element of their claim[,]" because even if Costco had adopted additional safety measures in its parking lot, "none of these measures would have prevented the accident[.]" ECF No. 49, at 19-20. Costco supports this factual claim with expert testimony. *See* ECF Nos. 49-1, at 8 ("Litchfield Report") ("[A] speed bump would definitely not have stopped the vehicle, and it is not reasonable to assume it would have stopped this accident from occurring with all of the other information and evidence provided."); 54-1, at 368 ("Litchfield Dep.") ("I don't think it's reasonable to say that if a speed bump was there that it would have prevented the accident."). Contradicting Costco's factual contention, the Plaintiffs cite their own expert testimony to show that Ms. Kockler would not have been injured

but for Costco's alleged negligence. *See* ECF No. 53, at 31-36 (citing ECF Nos. 49-3, at 3 ("Helm Report") ("The property owner . . . has absolute control over the safe operation of the parking area, and could have availed themselves of the appropriate, industry accepted parking area configuration and devices to prevent this type of tragic incident."); 49-9, at 5 ("Rieter Report") ("[S]torefront crashes and pedestrian injury accidents in parking lots . . . are almost always preventable incidents."); 49-11, at 3 ("Brannon Rebuttal Report") ("[A] speed bump . . . provid[es] a visual and textual message to the driver that a slow speed over and beyond the bump is required. Such a feature and message would likely have prevented this crash.")).

This summary judgment motion presents what one district judge has termed "the quintessential issue of fact for the jury": "dueling theories of causation—each supported by expert testimony[.]" *Kukowski v. Soo Line R.R. Co.*, 2018 U.S. Dist. LEXIS 23533, at *43 (D. Minn. Feb. 12, 2018) (citing *O'Donnell*, 338 U.S. at 386). The court therefore denies Costco's motion because there exists a genuine dispute as to whether Ms. Kockler would have been injured but for Costco's alleged negligence.[2]

**ORDER**

Consistent with this Memorandum Decision and Order, Defendants' Motion for Summary Judgment (ECF No. 49) is **DENIED**.

Signed March 26, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[2] While the court discusses only the parties' factual dispute as to the cause of Ms. Kockler's injuries, other triable issues of fact emerge from the record as well. These include but may not be limited to the question of whether Ms. Alberts' negligence was a superseding cause of Ms. Kockler's injuries, or merely an intervening cause that would not break the chain of causation.